UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------
MICHAEL MAZZEO,

         Plaintiff,

                        5:05-CV-1598
                        (NAM)(DEP)

  v.

STATE OF NY DOH, Troy, NY Office; ATTONIA
NOVELLO; DENNIS WHALEN; JAMES HORAN;
BUREAU OF ADJUDICATION; TYRONE BUTLER;
ROY NEMERSON, STATE OF NY DOH, NY City
Office; LENI KLAIMIT; ANSEL MARKS;
MR. AXELROD; NEW YORK STATE DOH BUREAU
OF ACCOUNT MANAGEMENT; RICHARD ASHLEY;
LINDA LEWIS; and DANIEL MORRISON,

         Defendants.
-----------------------------------------------------------------
APPEARANCES:

MICHAEL MAZZEO
Plaintiff, *pro se*

**NORMAN A. MORDUE, CHIEF JUDGE**

## DECISION and ORDER

**A. Background.**

  Presently before this Court is an Amended Complaint filed by Michael Mazzeo ("Plaintiff" or "Mazzeo") in accordance with this Court's February 2, 2006 Order ("February Order"). Plaintiff has also filed an application to proceed *in forma pauperis* and a second Motion for Appointment of Counsel.

  The February Order advised that:

> Plaintiff's complaint names fifteen (15) individuals and agencies as defendants to this action. Plaintiff does not indicate in the complaint who each defendant is, or how they have a relation to this action. Moreover, the complaint fails to set forth any specific allegations of wrong doing by any of the defendants. Accordingly, it is impossible for

this Court to determine what, if anything, each person named in the complaint allegedly did, or failed to do, and how such action or inaction violated plaintiff's rights.

It is not clear from the complaint the legal bases for plaintiff's claims or this Court's jurisdiction. In addition, the complaint does not state when or where any of the events occurred. Thus, it is impossible for this Court to determine if this action is properly before it.

Therefore, plaintiff will be required to file an amended complaint. In any amended complaint plaintiff may file, he must set forth all alleged wrongful acts of the defendants that give rise to his claims. Thus, when re-drafting his complaint, plaintiff should focus on clearly and concisely setting forth the *facts*, including the wrongful acts that give rise to the claims, the dates, times and places of the alleged acts, and the individual(s) who committed each alleged wrongful act. Plaintiff should also endeavor to comply with the Federal Rules governing pleadings, as discussed above. *See*, Dkt. No. 4.

**B.     The Amended Complaint.**

The Amended Complaint appears to name three Offices of the New York State Department of Health (DOH)[1] and the University of the State of New York, Department of Education.[2] Plaintiff did not heed the direction of the Court and file a complete Amended Complaint. Rather, Plaintiff filed a letter with a number of documents attached to it. As best this Court can discern, Plaintiff appears to be complaining about the removal of his license to practice medicine in the State of New York,[3] which he alleges occurred in "the middle to late nineties into this millennium 2000 and continues to the present

---

[1] Plaintiff appears to name the DOH Office in Troy, the DOH Office in New York City, and the DOH Bureau of Account Management Office in Albany.

[2] Other individuals are mentioned in the caption of the Complaint, but Plaintiff has failed to set forth specific allegations as to each individual's alleged wrongful acts anywhere in the body of the Amended Complaint, as directed in the February Order.

[3] The letter attached to the document filed as Plaintiff's Amended Complaint states "Again to reiterate fact number one removal of medical and surgical license. Fact number two to be answered by the defendants why did they do it. Fact number three why continue to cause injury damage and problems to me the disabled plaintiff." Docket No. 5.

2

time."[4] Dkt. No. 5. Again, attempting to favorably construe the document filed as an Amended Complaint, the Court gleans that Plaintiff may be asserting that the proceedings for removal of his medical license, or the actual removal itself, somehow violated the Americans with Disabilities Act ("ADA"). Plaintiff does not indicate any particular provision of the ADA that was violated, nor does he explain the basis for his claim. Plaintiff does not indicate if he pursued his State remedies to challenge the May 1, 2000 revocation determination. In this action, Plaintiff seeks significant monetary damages, both compensatory and punitive, for the alleged wrongful removal of his medical license.

**C.    Discussion.**

**1.  Eleventh Amendment Immunity.**

The Court notes that the State University of New York ("SUNY") "is an integral part of the government of the State [of New York]." *See Dube v. The State University of New York*, 900 F.2d 587, 594 (2d Cir. 1990) (citations omitted). "For Eleventh Amendment purposes, governmental entities of a state that are considered 'arms of the state' receive Eleventh Amendment immunity." *Dawkins v. State of New York*, 1996 WL 156764 at *2 (N.D.N.Y. 1996) (Pooler, D.J.). "Absent specific congressional derogation of state sovereign immunity or express consent by the state, a suit against a state 'or one of its agencies or departments' is jurisdictionally barred by the Eleventh Amendment." *Gierlinger v. New York State Police*, 738 F.Supp. 96, 97 (W.D.N.Y. 1990) (citing *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 100-102 (1984); *Eng v. Coughlin*, 858 F.2d 889, 896 (2d Cir.1988)). Thus, the claims for monetary damages against both SUNY and the Department of Education are barred by the Eleventh Amendment. The same is true with respect the to the New York

---

[4] From review of the New York State Department of Health's website, the Court has been able to determine that the charges against Plaintiff were filed December 21, 1999, the hearing was held on January 31, 2000, a written decision issued March 31, 2000, and the license revocation became effective May 1, 2000. According to the BPMC decision, Plaintiff did not answer the charges, nor did he appear at the hearing. *http://w3.health.state.ny.us/opmc/factions.nsf*

State Department of Health.  *See Gage v. New York State Department of Health*, 204 F. Supp.2d 399, 402 (N.D.N.Y. 2002).[5]  Accordingly, these immune parties will be dismissed as Defendants to this action, without prejudice.

### 2. Federal Court's Role.

"Section 1983, which provides federal jurisdiction in this action, vests the Court with the power to determine whether a person, acting under color of state law, has deprived another person of rights secured by the Constitution and laws.  The role of the federal court, under section 1983, in reviewing the state's revocation of a medical license is a limited one: 'to determine only whether the state has provided adequate avenues of redress to review and remedy arbitrary actions.'" *Blake v. Ambach,* 691 F. Supp. 651, 655 (S.D.N.Y. 1988)(citations omitted).  It is, however, not clear from Plaintiff's Amended Complaint, that he intends to assert such a claim.  Further, "section 1983 is not a means for litigating in a federal forum whether a state or local administrative decision was wrong or even whether it was arbitrary and capricious.  *Id.*  Moreover, it is well established that the Article 78 proceeding, provided for in the state courts, provides "an adequate state procedure for protecting the property interest in a professional license," *Id.*, as well as a means for challenging the constitutionality of the statutes applied to Plaintiff.  *Selkin v. State Board for Professional Medical Conduct*, 63 F. Supp.2d 397, 403 (S.D.N.Y. 1999).

### 3. Individual Defendants.

Despite the Court's prior direction, Plaintiff has failed to set forth allegations of wrongdoing by individuals that he appears to name as Defendants in his Amended Complaint.  However, it well established in this Circuit that 'personal involvement of defendants in alleged constitutional

---

[5]To the extent the individual defendants were involved in the adjudication of Plaintiff's license revocation, they are also entitled to absolute immunity with respect to claims asserted against them, in their individual capacity, relating to their adjudicatory functions. *See Moran v. Connecticut Dept. Public Health*, 954 F. Supp. 484, 489 (D. Conn. 1997).  This immunity includes claims under §1983 as well as the ADA. *Moran, supra.* at 490*,* note 7.

4

deprivations is a prerequisite to an award of damages under §1983.' " *Wright v. Smith,* 21 F.3d 496, 501 (2d Cir.1994) (quoting *Moffitt v. Town of Brookfield,* 950 F.2d 880, 885 (2d Cir.1991)).  Thus, in any Amended Complaint Plaintiff may file, he must set forth all alleged wrongful acts of the *each* Defendant that give rise to his claims.

For the reasons stated above, the pleading, as presented to this Court, cannot be supported by an arguable basis in law and must therefore be dismissed pursuant to 28 U.S.C. § 1915(e).  Should Plaintiff claim that this action should not be dismissed, he is directed to file an Amended Complaint **within thirty (30) days** of the filing date of this Order.  Any Amended Complaint, **which shall supersede and replace in their entirety Plaintiff's prior Complaints**, must allege claims of misconduct or wrongdoing against the Defendants which Plaintiff has a legal right to pursue, and over which this Court may properly exercise jurisdiction.

**D.      Application to Proceed *In Forma Pauperis*.**

Turning to Plaintiff's *in forma pauperis* application, after reviewing the entire file herein, the Court finds that Plaintiff's *in forma pauperis* application may be granted.

**E.      Motion for Appointment of Counsel.**

As to Plaintiff's request for counsel, in *Terminate Control Corp. v. Horowitz*, 28 F.3d 1335 (2d Cir. 1994), the Second Circuit reiterated the factors that a court must consider in ruling upon such a Motion.  In deciding whether to appoint counsel, the Court should first determine whether the indigent's position seems likely to be of substance.  If the claim meets this threshold requirement, the Court should then consider a number of other factors in making its determination.  *Terminate Control Corp.*, 28 F.3d at 1341 (quoting *Hodge v. Police Officers*, 802 F.2d 58, 61 (2d Cir. 1986)).  Of these criteria, the most important is the merits, i.e., "whether the indigent's position was likely to be of substance." *McDowell v. State of N.Y.*, No. 91 CIV. 2440, 1991 WL 177271, *1 (S.D.N.Y. Sept. 3, 1991) (quoting *Cooper v. A. Sargenti & Co., Inc.*, 877 F.2d 170, 172 (2d Cir. 1989)).  Indigents do not

5

have to demonstrate that they can win their cases without the aid of counsel; they do have to show likely merit. *Id.*

Herein, the Court has found that the Amended Complaint filed by Plaintiff is insufficient and that a second amended pleading must be filed for this action to proceed.  Since Plaintiff has failed to establish that his claim is likely to be of substance, the Court denies Plaintiff's Motion for Appointment of Counsel without prejudice.  After the Court accepts a pleading for filing and service, and after the Defendants have responded to the allegations in Plaintiff's amended pleading and discovery has been undertaken by the parties, Plaintiff may choose to file a new Motion for Appointment of Counsel, at which time the Court might be better able to determine whether such appointment is warranted in this lawsuit.  Plaintiff is advised that any future Motion for Appointment of Counsel must also be accompanied by **documentation** that substantiates Plaintiff's efforts to obtain counsel from the public and private sector.

WHEREFORE, it is hereby

**ORDERED**, that New York State Department of Health (DOH) Offices in Troy and  New York City, the DOH Bureau of Account Management Office in Albany, and, the University of the State of New York, Department of Education are DISMISSED as Defendants in this action ,without prejudice, and it is further

**ORDERED**, that the pleading, as presented to this Court, cannot be supported by an arguable basis in law and must therefore be dismissed pursuant to 28 U.S.C. § 1915(e); and it is further

**ORDERED**, that should Plaintiff claim that this action should not be dismissed, he is directed to file an Amended Complaint **within thirty (30) days** of the filing date of this Order.  Any Amended Complaint, **which shall supersede and replace in their entirety Plaintiff's prior Complaints**, must allege claims of misconduct or wrongdoing against the Defendants which Plaintiff has a legal right to

6

pursue, and over which this Court may properly exercise jurisdiction; and it is further

**ORDERED**, that Plaintiff's application to proceed *in forma pauperis* is granted,[6] and it is further

**ORDERED**, that Plaintiff's second Motion for Appointment of Counsel (Docket No. 7) is denied without prejudice to renew at some future time for the reasons stated above. Any future Motion for Appointment of Counsel must be accompanied by documentation that substantiates Plaintiff's efforts to retain counsel on his own, and it is further

**ORDERED**, that the Clerk serve a copy this Order on Mazzeo by regular mail.

**IT IS SO ORDERED.**

Dated: June 8, 2006

_____
Norman A. Mordue
Chief United States District Court Judge

---

[6]Plaintiff should note that although the application to proceed *in forma pauperis* has been granted, Plaintiff will still be required to pay fees that he may incur in this action, including copying and/or witness fees.